

U. S. DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

**FILED**

JUL 0 5 2013

Phil Lombardi, Clerk
U.S. DISTRICT COURT

1. RUBEN BARROSO, )
   )
   Plaintiff, )
   )
   vs. )  Case No. **13 CV - 391 GKF - PJC**
   )
   )  JURY TRIAL DEMANDED
2. UNITED PARCEL SERVICE, INC., )
   (OHIO), )
   )
   Defendant. )

# COMPLAINT

Plaintiff Ruben Barroso alleges and states the following for his Compliant against Defendant:

1. Plaintiff, who is a Hispanic and American Indian male, was employed by Defendant at its Tulsa, OK, hub from June 26, 2006, to March 22, 2013, when he was wrongfully discharged.

2. Defendant is engaged in the delivery business and operates a hub in Tulsa County, OK.

3. Plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1331 and 42 USC § 2000e *et seq.* ("Title VII").

4. This Court is the proper venue for this action because Defendant does business in and the unlawful employment practices alleged in this Complaint occurred in the Northern District of Oklahoma.

## FACTUAL BACKGROUND

5. In the Spring of 2012, Defendant was alerted to possible criminal activity at its



Tulsa hub involving an employee, who was a white female, making unauthorized sales of prescription medications to other employees ("Seller").

6. The Seller gave a statement in which she identified Plaintiff as someone to whom she sold medications. Specifically, Seller said, "I sold Ruben Barroso 20 oxycodie (sp) which he gave to ["Buyer"]."

7. On March 22, 2012, Plaintiff was called into a meeting with Defendant's security manager, Stacy Brown ("Brown"), a white male. He confronted Plaintiff with the charge by Seller.

8. Plaintiff admitted purchasing "20 oxycodone from" the Seller for $200.00 and went on to explain that the purchase "was for another employee [Buyer]. I was paid back the $200.00."

9. The transactions which Plaintiff admitted to occurred at his residence and not on Defendant's property. None of the medications which were sold to Plaintiff for the Buyer, a white female, were stolen from Defendant. Plaintiff was not under the influence of any drugs on March 22, 2012. In short, Plaintiff had not violated any of Defendant's rules and regulations in connection with the purchase of the medications for the Buyer.

10. After Plaintiff gave his statement, Brown gave him a choice. Plaintiff could voluntarily resign for personal reasons or be terminated and face the prospect of a criminal investigation into the drug purchase on behalf of Buyer.

11. Plaintiff felt he had no choice but to voluntarily resign with his work history in tact.

12. Other similarly situated employees who purchased medications from Seller were not forced to resign, including Buyer.

13. Plaintiff was forced to resign from his job with Defendant due to his race, sex, and national origin.

14. Plaintiff filed a complaint of discrimination with the U.S. Equal Employment Opportunity Commission, and received a right to sue letter dated April 4, 2013.

## CLAIM

15. Plaintiff's claim against Defendant is for unlawful employment discrimination in violation of Title VII. Plaintiff incorporates the allegations of all of the preceding paragraphs into his claim against Defendant.

16. Plaintiff was constructively discharged from his employment with Defendant on May 22, 2012.

17. At the time that Plaintiff was discharged, he had no violated any of Defendant's rules and regulations regarding the conduct of its employees.

18. Plaintiff was discharged from his employment due to his race, sex, and national origin.

19. Plaintiff has suffered damages as a result of his constructive discharge and has mitigated those damages.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in his favor and against Defendant for the following:

   a. Finding that Defendant constructively discharged Plaintiff from his employment in violation of Title VII;

   b. Awarding Plaintiff all of the damages sufffered as a result of the wrongful discharge:

c. Awarding Plaintiff his attorney fees and costs of this action; and

d. Such other relief, at law and in equity, as the Court deems just.

*Ruben Barroso* (signature)
Ruben Barroso
4208 W. Oakridge
Broken Arrow, OK 74012

**PRO SE PLAINTIFF**